**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | **2:11-CV-00249-TJW** |
| **v.** | § | |
| | § | |
| **ALLIANZ LIFE INSURANCE et al.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |
| | § | |

**DEFENDANT THE CAPITAL GROUP COMPANIES, INC.'S ORIGINAL ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND ORIGINAL COUNTERCLAIMS**

Defendant The Capital Group Companies, Inc. ("Capital Group") files its Original Answer to Plaintiff TQP Development, LLC ("TQP") Original Complaint for Patent Infringement (Dkt. No. 1) ("Complaint") and Original Counterclaims and shows the Court as follows:

## I.

## ORIGINAL ANSWER

### PARTIES

1.    Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies the allegations.

2.    The allegations of Paragraph 2 of the Complaint are not directed to Capital Group. Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the allegations.

3.     The allegations of Paragraph 3 of the Complaint are not directed to Capital Group. Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies the allegations.

4.     The allegations of Paragraph 4 of the Complaint are not directed to Capital Group. Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies the allegations.

5.     The allegations of Paragraph 5 of the Complaint are not directed to Capital Group. Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore denies the allegations.

6.     The allegations of Paragraph 6 of the Complaint are not directed to Capital Group. Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and therefore denies the allegations.

7.     The allegations of Paragraph 7 of the Complaint are not directed to Capital Group. Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and therefore denies the allegations.

8.     The allegations of Paragraph 8 of the Complaint are not directed to Capital Group. Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies the allegations.

9.     The allegations of Paragraph 9 of the Complaint are not directed to Capital Group. Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies the allegations.

10.     The allegations of Paragraph 10 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies the allegations.

11.     The allegations of Paragraph 11 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies the allegations.

12.     The allegations of Paragraph 12 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore denies the allegations.

13.     The allegations of Paragraph 13 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies the allegations.

14.     The allegations of Paragraph 14 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies the allegations.

15.     The allegations of Paragraph 15 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies the allegations.

16.     The allegations of Paragraph 16 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies the allegations.

17.     The allegations of Paragraph 17 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies the allegations.

18.     The allegations of Paragraph 18 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore denies the allegations.

19.     The allegations of Paragraph 19 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and therefore denies the allegations.

20.     The allegations of Paragraph 20 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and therefore denies the allegations.

21.     The allegations of Paragraph 21 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore denies the allegations.

22.     The allegations of Paragraph 22 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and therefore denies the allegations.

23.     The allegations of Paragraph 23 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and therefore denies the allegations.

24.     Capital Group admits that its principal place of business is at 333 S. Hope Street, Los Angeles, CA 90071-1406 and that Capital Group has appointed Angela M. Mitchell at the same address as its agent for service of process.  Capital group denies the remaining allegations in Paragraph 24.

25.     The allegations of Paragraph 25 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore denies the allegations.

**JURISDICTION AND VENUE**

26.     Capital Group admits the allegations in paragraph 26 of the Complaint.

27.     Capital Group admits that venue is proper within this judicial district. Capital Group denies the remaining allegations of Paragraph 27 as they pertain to Capital Group.

28.     Solely for the purposes of this case, Capital Group admits that it is subject to personal jurisdiction in this Court.  Capital Group denies the remaining allegations of Paragraph 28 as they pertain to Capital Group.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 5,412,730**

29.     Capital Group admits that U.S. Patent 5,412,730 ("the '730 patent") shows May 2, 1995 as its issue date and "Encrypted Data Transmission System Employing Means for Randomly Altering the Encryption Keys" as its title.  Capital Group admits that a copy of the '730 patent is attached to the Complaint as Exhibit A.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30.     The allegations of Paragraph 30 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and therefore denies the allegations.

31.     The allegations of Paragraph 31 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and therefore denies the allegations.

32.     The allegations of Paragraph 32 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and therefore denies the allegations.

33.     The allegations of Paragraph 33 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint, and therefore denies the allegations.

34.     The allegations of Paragraph 34 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and therefore denies the allegations.

35.     The allegations of Paragraph 34 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and therefore denies the allegations.

36.     The allegations of Paragraph 36 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and therefore denies the allegations.

37.     The allegations of Paragraph 37 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, and therefore denies the allegations.

38.     The allegations of Paragraph 38 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint, and therefore denies the allegations.

39.     The allegations of Paragraph 39 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, and therefore denies the allegations.

40.     The allegations of Paragraph 40 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint, and therefore denies the allegations.

41.     The allegations of Paragraph 41 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and therefore denies the allegations.

42.     The allegations of Paragraph 42 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint, and therefore denies the allegations.

43.     The allegations of Paragraph 43 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint, and therefore denies the allegations.

44.     The allegations of Paragraph 44 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, and therefore denies the allegations.

45.     The allegations of Paragraph 45 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and therefore denies the allegations.

46.     The allegations of Paragraph 46 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and therefore denies the allegations.

47.     The allegations of Paragraph 47 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and therefore denies the allegations.

48.     The allegations of Paragraph 48 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and therefore denies the allegations.

49.     The allegations of Paragraph 49 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and therefore denies the allegations.

50.     The allegations of Paragraph 50 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and therefore denies the allegations.

51.     The allegations of Paragraph 51 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and therefore denies the allegations.

52.     Capital Group denies the allegations of Paragraph 52 of the Complaint.

53.     The allegations of Paragraph 53 of the Complaint are not directed to Capital Group.  Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint, and therefore denies the allegations.

54.     Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint, and therefore denies the allegations.

55.     Capital Group is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint, and therefore denies the allegations.

56.     Capital Group denies the allegations of Paragraph 56 of the Complaint.

57.     Capital Group denies the allegations of Paragraph 57 of the Complaint.

### PRAYER FOR RELIEF

58.     Capital Group denies that TQP is entitled to any of the relief requested in the Complaint.

### JURY DEMAND

59.     Capital Group admits that TQP has requested a trial by jury.

60.     To the extent not expressly admitted above, Capital Group denies the factual allegations contained in the Complaint.

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

61.     Capital Group does not infringe and has not infringed any properly construed, valid claim of the '730 patent under any theory (whether individually or jointly), directly or indirectly (whether contributorily or by inducement).

### SECOND AFFIRMATIVE DEFENSE

62.     To the extent TQP asserts that Capital Group indirectly infringes, either by contributory infringement or inducement of infringement, Capital Group is not liable to TQP for the acts alleged to have been performed before Capital Group knew that its actions would cause indirect infringement.

### THIRD AFFIRMATIVE DEFENSE

63.     The claims of the '730 patent are invalid under 35 U.S.C. § 100 *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

64.     TQP is estopped from construing any valid claim of the '730 patent to be infringed literally or under the Doctrine of Equivalents due to admissions and/or statements made (a) to the U.S. Patent and Trademark Office during prosecution of the '730 patent and/or (b) in the '730 patent's specification and claims.

**FIFTH AFFIRMATIVE DEFENSE**

65.     TQP is, in whole or in part, barred from asserting the '730 patent, from collecting damages thereunder, and/or for obtaining any other form of relief because of license and/or implied license.

**SIXTH AFFIRMATIVE DEFENSE**

66.     TQP is, in whole or in part, barred from asserting the '730 patent, from collecting damages thereunder, and/or for obtaining any other form of relief because of exhaustion.

**SEVENTH AFFIRMATIVE DEFENSE**

67.     TQP is not entitled to any injunctive relief because any injury to TQP is neither immediate nor irreparable, and TQP has adequate remedies at law.

**EIGHTH AFFIRMATIVE DEFENSE**

68.     TQP's claims for relief are barred, at least in part, by 35 U.S.C. § 286.

**NINTH AFFIRMATIVE DEFENSE**

69.     TQP's claims for relief are barred, in whole in part, by the doctrine of laches.

## III.

## ORIGINAL COUNTERCLAIMS

**PARTIES**

70.     Capital Group is a Delaware corporation, with its principal place of business at 333 S. Hope Street, Los Angeles, CA 90071-1406.

71.     Upon information and belief, and as alleged in its Complaint, TQP is a Texas limited liability company with a place of business at 207C North Washington Street, Marshall, Texas 75670.  TQP has previously appeared before this Court for all purposes.

### JURISDICTION AND VENUE

72.     TQP has filed a Complaint in this Court against Capital Group and others for patent infringement.

73.     TQP alleges in its Complaint that it is the lawful, assignee and has standing to sue for infringement of United States Patent No. 5,412,730 entitled "Marketing Data Delivery System."

74.     TQP alleges in its Complaint that Capital Group has infringed and continues to infringe the '730 patent.  Capital Group denies TQP's allegations.

75.     This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1338(a), the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as this action is based upon an actual controversy between TQP and Capital Group regarding the invalidity and/or non-infringement by Capital Group of the claims of the '730 patent.

76.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

### FIRST COUNTERCLAIM
#### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '730 PATENT

77.     To the extent not inconsistent, Capital Group incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

78.     To the extent that TQP's allegations can be understood, neither Capital Group nor any other person performs or directs and controls the performance of each and every step of the claimed process of the '730 patent.

79.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Capital Group requests a declaration by the Court that it does not infringe any claim of the '730 patent.

## SECOND COUNTERCLAIM
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '730 PATENT

80.     To the extent not inconsistent, Capital Group incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

81.     The claims of the '730 patent are invalid under 35 U.S.C. § 100 *et seq*.

82.     By way of example only, the '730 patent is currently under Ex Parte Reexamination in the United States Patent and Trademark Office.   A Request for Ex Parte Reexamination was filed on December 27, 2010 and subsequently granted on January 26, 2011. The Order Granting Request for Ex Parte Reexamination is attached hereto as Exhibit A.

83.     In a March 30, 2011 Office Action in the Ex Parte Reexamination, all of the claims of the '730 patent were rejected under 35 U.S.C. § 102(b) as being anticipated by International Patent Application No. PCT/US1986/01364 to Douglas Maisel, et al. ("the Maisel application").   The Office Action in Ex Parte Reexamination is attached hereto as Exhibit B. The Maisel application is attached hereto as Exhibit C.

84.     The Maisel application is prior art at least under 35 U.S.C. § 102(b) to the '730 patent claims.

85.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Capital Group requests a declaration by the Court that the claims of the '730 patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. § 100 *et seq.*, and the rules and laws pertaining to those provisions.

## PRAYER FOR RELIEF

Capital Group respectfully requests that a final judgment be entered as follows::

1.  Denying TQP any of the relief requested in its Complaint;

2.  Declaring that Capital Group has not infringed any claim of the '730 patent;

3.  Declaring that the claims of the '730 patent are invalid; and

4.  Awarding to Capital Group of such other and further relief, both general and special, at law or in equity, as the Court may deem just and proper.

## JURY DEMAND

Capital Group requests a jury trial for all triable issues in TQP's Complaint and its Counterclaims to the extent allowed by the United States Constitution and the FEDERAL RULES OF CIVIL PROCEDURE.

Date: July 1, 2011                    Respectfully submitted,

                                      By  /s/ *Richard S. Zembek*

Richard S. Zembek (Texas Bar No. 00797726)
rzembek@fulbright.com
Attorney-in-Charge

Eric Hall (Texas Bar No. 24012767)
ehall@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:   (713) 651-5246

Anuj D. Dharia (Texas Bar No. 24069611)
adharia@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
98 San Jacinto Boulevard, Suite 110
Austin, TX 78701-4255
Tel:   (512) 474-5201
Fax:   (512) 536-4598

*ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT, THE CAPITAL GROUP COMPANIES, INC.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 1, 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

/s/ *Richard S. Zembek*