**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TQP DEVELOPMENT, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; et al.,<br><br>    Defendants. | 2:11-CV-00249-TJW<br><br>JURY TRIAL DEMANDED |

## OPPENHEIMER'S ANSWER AND COUNTERCLAIMS TO TQP'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant OppenheimerFunds, Inc. ("Oppenheimer"), files this Answer and Counterclaim to Plaintiff TQP Development, LLC's ("TQP") Original Complaint for Patent Infringement ("Complaint").  Oppenheimer denies the allegations and characterizations in TQP's Complaint unless expressly admitted in the following paragraphs:

**PARTIES**

1.  Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2.  Paragraph 2 does not require a response by Oppenheimer.  To the extent that Paragraph 2 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

3.  Paragraph 3 does not require a response by Oppenheimer.  To the extent that Paragraph 3 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

4. Paragraph 4 does not require a response by Oppenheimer. To the extent that Paragraph 4 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 4 and therefore denies the same.

5. Paragraph 5 does not require a response by Oppenheimer. To the extent that Paragraph 5 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6. Paragraph 6 does not require a response by Oppenheimer. To the extent that Paragraph 6 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7. Paragraph 7 does not require a response by Oppenheimer. To the extent that Paragraph 7 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

8. Paragraph 8 does not require a response by Oppenheimer. To the extent that Paragraph 8 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8 and therefore denies the same.

9. Paragraph 9 does not require a response by Oppenheimer. To the extent that Paragraph 9 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9 and therefore denies the same.

10. Paragraph 10 does not require a response by Oppenheimer. To the extent that Paragraph 10 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

11. Paragraph 11 does not require a response by Oppenheimer. To the extent that Paragraph 11 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

12. Paragraph 12 does not require a response by Oppenheimer. To the extent that Paragraph 12 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 12 and therefore denies the same.

13. Paragraph 13 does not require a response by Oppenheimer. To the extent that Paragraph 13 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14. Paragraph 14 does not require a response by Oppenheimer. To the extent that Paragraph 14 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15. Paragraph 15 does not require a response by Oppenheimer. To the extent that Paragraph 15 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16. Paragraph 16 does not require a response by Oppenheimer. To the extent that Paragraph 16 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. Paragraph 17 does not require a response by Oppenheimer. To the extent that Paragraph 17 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. Oppenheimer denies that it is a New York corporation. Oppenheimer admits that its principal place of business is at 2 World Financial Center, 225 Liberty St., New York,

NY 10281.  Oppenheimer admits it has appointed C T Corporation System 111 Eighth Ave., New York, NY 10011, as its agent for service of process.

19. Paragraph 19 does not require a response by Oppenheimer.  To the extent that Paragraph 19 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20. Paragraph 20 does not require a response by Oppenheimer.  To the extent that Paragraph 20 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21. Paragraph 21 does not require a response by Oppenheimer.  To the extent that Paragraph 21 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 21 and therefore denies the same.

22. Paragraph 22 does not require a response by Oppenheimer.  To the extent that Paragraph 22 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

23. Paragraph 23 does not require a response by Oppenheimer.  To the extent that Paragraph 23 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 23 and therefore denies the same.

24. Paragraph 24 does not require a response by Oppenheimer.  To the extent that Paragraph 24 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

25. Paragraph 25 does not require a response by Oppenheimer.  To the extent that Paragraph 25 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 25 and therefore denies the same.

## JURISDICTION AND VENUE

26. Oppenheimer admits that this action arises under the patent laws of the United States, Title 35 of the United State Code. Oppenheimer admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Oppenheimer denies each and every allegation of Paragraph 26.

27. Oppenheimer denies the allegations of Paragraph 27.

28. Oppenheimer denies the allegations of Paragraph 28.

## COUNT I

29. Oppenheimer lacks knowledge sufficient to confirm or deny that TQP is the owner by assignment of U.S. Patent No. 5,412,730 ("the '730 Patent"). Oppenheimer admits that the face of the '730 Patent, attached as Exhibit A to the Complaint, indicates that it is entitled "Encryption Data Transmission System Employing Means for Randomly Altering Encryption Keys." Oppenheimer admits that the face of the '730 Patent, attached as Exhibit A to the Complaint, indicates it issued on May 2, 1995. Oppenheimer admits that a purported copy of the '730 Patent is attached to the Complaint as Exhibit A, but Oppenheimer lacks knowledge sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, Oppenheimer denies each and every allegation of paragraph 29.

30. Paragraph 30 does not require a response by Oppenheimer. To the extent that Paragraph 30 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 30 and therefore denies the same.

31. Paragraph 31 does not require a response by Oppenheimer. To the extent that Paragraph 31 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 31 and therefore denies the same.

32. Paragraph 32 does not require a response by Oppenheimer. To the extent that Paragraph 32 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 32 and therefore denies the same.

33. Paragraph 33 does not require a response by Oppenheimer. To the extent that Paragraph 33 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 33 and therefore denies the same.

34. Paragraph 34 does not require a response by Oppenheimer. To the extent that Paragraph 34 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 34 and therefore denies the same.

35. Paragraph 35 does not require a response by Oppenheimer. To the extent that Paragraph 35 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 35 and therefore denies the same.

36. Paragraph 36 does not require a response by Oppenheimer. To the extent that Paragraph 36 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 36 and therefore denies the same.

37. Paragraph 37 does not require a response by Oppenheimer. To the extent that Paragraph 37 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 37 and therefore denies the same.

38. Paragraph 38 does not require a response by Oppenheimer. To the extent that Paragraph 38 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 38 and therefore denies the same.

39. Paragraph 39 does not require a response by Oppenheimer. To the extent that Paragraph 39 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 39 and therefore denies the same.

40. Paragraph 40 does not require a response by Oppenheimer. To the extent that Paragraph 40 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 40 and therefore denies the same.

41. Paragraph 41 does not require a response by Oppenheimer. To the extent that Paragraph 41 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 41 and therefore denies the same.

42. Paragraph 42 does not require a response by Oppenheimer. To the extent that Paragraph 42 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 42 and therefore denies the same.

43. Paragraph 43 does not require a response by Oppenheimer. To the extent that Paragraph 43 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 43 and therefore denies the same.

44. Paragraph 44 does not require a response by Oppenheimer. To the extent that Paragraph 44 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 44 and therefore denies the same.

45. Paragraph 45 does not require a response by Oppenheimer. To the extent that Paragraph 45 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 45 and therefore denies the same.

46. Oppenheimer denies the allegations of Paragraph 46.

47. Paragraph 47 does not require a response by Oppenheimer.  To the extent that Paragraph 47 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 47 and therefore denies the same.

48. Paragraph 48 does not require a response by Oppenheimer.  To the extent that Paragraph 48 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 48 and therefore denies the same.

49. Paragraph 49 does not require a response by Oppenheimer.  To the extent that Paragraph 49 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 49 and therefore denies the same.

50. Paragraph 50 does not require a response by Oppenheimer.  To the extent that Paragraph 50 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 50 and therefore denies the same.

51. Paragraph 51 does not require a response by Oppenheimer.  To the extent that Paragraph 51 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 51 and therefore denies the same.

52. Paragraph 52 does not require a response by Oppenheimer.  To the extent that Paragraph 52 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 52 and therefore denies the same.

53. Paragraph 53 does not require a response by Oppenheimer.  To the extent that Paragraph 53 is deemed to require a response, Oppenheimer lacks knowledge sufficient to confirm or deny the allegations of Paragraph 53 and therefore denies the same.

54. Oppenheimer lacks knowledge sufficient to confirm or deny the allegations in Paragraph 54 and therefore denies the same.

55. Paragraph 55 does not require a response by Oppenheimer. To the extent that Paragraph 55 is deemed to require a response, Oppenheimer denies the allegations of Paragraph 55.

56. Oppenheimer denies the allegations of Paragraph 56.

57. Oppenheimer denies the allegations of Paragraph 57.

58. Oppenheimer requests that the Court deny all relief to TQP, including that requested by TQP in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Oppenheimer's Affirmative Defenses are listed below. Oppenheimer reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

59. Oppenheimer does not infringe and has not infringed any claim of the '730 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## SECOND DEFENSE

60. The '730 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq*, including §§ 101, 102, 103, and 112.

## THIRD DEFENSE

61. To the extent that TQP, and alleged predecessors in interest to the '730 Patent, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Oppenheimer's actions allegedly infringe the '730 Patent,

Oppenheimer is not liable to TQP for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '730 Patent.

### FOURTH DEFENSE

62. To the extent that TQP asserts that Oppenheimer indirectly infringes, either by contributory infringement or inducement of infringement, Oppenheimer is not liable to TQP for the acts alleged to have been performed before Oppenheimer knew that its actions would cause indirect infringement.

### FIFTH DEFENSE

63. TQP's attempted enforcement of the '730 Patent against Oppenheimer is barred by laches and estoppel.

### SIXTH DEFENSE

64. TQP's attempted enforcement of the '730 Patent against Oppenheimer is barred by the doctrine of license.

### SEVENTH DEFENSE

65. TQP's attempted enforcement of the '730 Patent against Oppenheimer is barred by the doctrine of release.

### EIGHTH DEFENSE

66. TQP's attempted enforcement of the '730 Patent against Oppenheimer is barred by the doctrine of patent exhaustion.

### NINTH DEFENSE

67. Oppenheimer is not subject to personal jurisdiction in this district.

## COUNTERCLAIM

### The Parties

68. Counterclaim Plaintiff Oppenheimer is a Colorado corporation with its principal place of business in New York.

69. On information and belief based solely on Paragraph 1 of the Complaint as pled by TQP, TQP is a Texas limited liability company with its principal place of business located in Marshall, Texas.

### Jurisdiction

70. This counterclaim arises under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

71. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.  Venue is further proper in the Marshall Division.

### Count I

### Declaratory Relief Regarding Non-Infringement

72. Based on TQP's filing of this action and Oppenheimer's First Defense, an actual controversy has arisen and now exists between the parties as to whether Oppenheimer infringes the '730 Patent.

73. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Oppenheimer requests a declaration by the Court that it does not infringe any claim of the '730 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

### Count II

**Declaratory Relief Regarding Invalidity**

74. Based on TQP's filing of this action and Oppenheimer's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '730 Patent.

75. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Oppenheimer requests a declaration by the Court that the claims of the '730 Patent are invalid.

**Count III**

**Declaratory Relief Regarding Unenforceability**

76. Based on TQP's filing of this action and Oppenheimer's Third, Fourth, and Fifth Defenses, an actual controversy has arisen and now exists between the parties as to the enforceability of the '730 Patent.

77. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Oppenheimer requests a declaration by the Court that the claims of the '730 Patent are unenforceable.

**PRAYER**

Oppenheimer respectfully requests a judgment against TQP as follows:

A. A declaration that the '730 Patent is unenforceable;

B. A declaration that the asserted claims of the '730 Patent are invalid;

C. A declaration that Oppenheimer does not infringe, under any theory, any valid claim of the '730 Patent that may be enforceable;

D. A declaration that TQP take nothing by its Complaint;

E. Judgment against TQP and in favor of Oppenheimer;

F. Dismissal of the Complaint with prejudice;

G. An award to Oppenheimer of its costs and attorneys' fees incurred in this action; and

H. Further relief as the Court may deem just and proper.

## JURY DEMAND

Oppenheimer hereby demands trial by jury on all issues.

Dated: July 11, 2011　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　FISH & RICHARDSON P.C.

　　　　　　　　　　　　　　　　　　　　　　By: */s/ Neil J. McNabnay*
　　　　　　　　　　　　　　　　　　　　　　　　Neil J. McNabnay
　　　　　　　　　　　　　　　　　　　　　　　　mcnabnay@fr.com
　　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24002583
　　　　　　　　　　　　　　　　　　　　　　　　David B. Conrad
　　　　　　　　　　　　　　　　　　　　　　　　conrad@fr.com
　　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24049042
　　　　　　　　　　　　　　　　　　　　　　　　Jane J. Du
　　　　　　　　　　　　　　　　　　　　　　　　jjdu@fr.com
　　　　　　　　　　　　　　　　　　　　　　　　Virginia Bar No. 78449
　　　　　　　　　　　　　　　　　　　　　　　　1717 Main Street, Suite 5000
　　　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　　　　　(214) 747-5070 - Telephone
　　　　　　　　　　　　　　　　　　　　　　　　(214) 747-2091 - Facsimile

　　　　　　　　　　　　　　　　　　　　　　**Counsel for Defendant**
　　　　　　　　　　　　　　　　　　　　　　**OPPENHEIMERFUNDS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 11, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jane J. Du*
Jane J. Du