## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TQP DEVELOPMENT, LLC, | |
| **Plaintiff,** | |
| | **CASE NO. 2:11-cv-00249-TJW** |
| v. | |
| **ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, et al.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### DODGE & COX'S ANSWER AND COUNTERCLAIMS TO TQP'S
### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Dodge & Cox ("D&C") files this Answer and Counterclaim to Plaintiff TQP Development, LLC's ("TQP") Original Complaint for Patent Infringement ("Complaint"). D&C denies the allegations and characterizations in TQP's Complaint unless expressly admitted in the following paragraphs:

### PARTIES

1. D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2. Paragraph 2 does not require a response by D&C. To the extent that Paragraph 2 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

3. Paragraph 3 does not require a response by D&C. To the extent that Paragraph 3 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

4.      Paragraph 4 does not require a response by D&C.  To the extent that Paragraph 4 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 4 and therefore denies the same.

5.      Paragraph 5 does not require a response by D&C.  To the extent that Paragraph 5 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6.      D&C admits that it is a California corporation, with a principal place of business at 555 California Street, Floor 40, San Francisco, California 94104.  D&C admits that it has appointed Thomas M. Mistele, located at 555 California Street, Floor 40, San Francisco, California 94104 as its agent for service of process.

7.      Paragraph 7 does not require a response by D&C.  To the extent that Paragraph 7 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

8.      Paragraph 8 does not require a response by D&C.  To the extent that Paragraph 8 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8 and therefore denies the same.

9.      Paragraph 9 does not require a response by D&C.  To the extent that Paragraph 9 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9 and therefore denies the same.

10.      Paragraph 10 does not require a response by D&C.  To the extent that Paragraph 10 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

11.     Paragraph 11 does not require a response by D&C.  To the extent that Paragraph 11 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

12.     Paragraph 12 does not require a response by D&C.  To the extent that Paragraph 12 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 12 and therefore denies the same.

13.     Paragraph 13 does not require a response by D&C.  To the extent that Paragraph 13 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14.     Paragraph 14 does not require a response by D&C.  To the extent that Paragraph 14 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15.     Paragraph 15 does not require a response by D&C.  To the extent that Paragraph 15 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16.     Paragraph 16 does not require a response by D&C.  To the extent that Paragraph 16 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17.     Paragraph 17 does not require a response by D&C.  To the extent that Paragraph 17 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18.     Paragraph 18 does not require a response by D&C.   To the extent that Paragraph 18 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18 and therefore denies the same.

19.     Paragraph 19 does not require a response by D&C.   To the extent that Paragraph 19 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20.     Paragraph 20 does not require a response by D&C.   To the extent that Paragraph 20 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21.     Paragraph 21 does not require a response by D&C.   To the extent that Paragraph 21 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 21 and therefore denies the same.

22.     Paragraph 22 does not require a response by D&C.   To the extent that Paragraph 22 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

23.     Paragraph 23 does not require a response by D&C.   To the extent that Paragraph 23 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 23 and therefore denies the same.

24.     Paragraph 24 does not require a response by D&C.   To the extent that Paragraph 24 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

25.     Paragraph 25 does not require a response by D&C.  To the extent that Paragraph 25 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 25 and therefore denies the same.

## JURISDICTION AND VENUE

26.     D&C admits that this action arises under the patent laws of the United States, Title 35 of the United State Code.  D&C admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, D&C denies each and every allegation of Paragraph 26.

27.     D&C admits that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1440(b).  D&C admits that it has transacted business in this district.  D&C denies that it has committed and/or induced acts of patent infringement in this district under any theory.  D&C lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.  Except as expressly admitted herein, D&C denies each and every allegation of Paragraph 27.

28.     D&C admits that it is subject to personal jurisdiction.  D&C denies that it has committed the infringements alleged in the Complaint in Texas or in this judicial district under any theory.  D&C lacks knowledge sufficient to confirm or deny the allegations against the other Defendants and therefore denies the same.  Except as expressly admitted herein, D&C denies each and every allegation of Paragraph 28.

## COUNT I

29.     D&C lacks knowledge sufficient to confirm or deny that TQP is the owner by assignment of U.S. Patent No. 5,412,730 (the "'730 Patent").  D&C admits that the face of the '730 Patent indicates that it is entitled "Encryption Data Transmission System Employing Means

for Randomly Altering Encryption Keys." D&C admits that the face of the '730 Patent indicates it issued on May 2, 1995. D&C admits that a purported copy of the '730 Patent is attached to the Complaint as Exhibit A, but D&C lacks knowledge sufficient to confirm or deny it is a true and correct copy. Except as expressly admitted herein, D&C denies each and every allegation of paragraph 29.

30.     Paragraph 30 does not require a response by D&C. To the extent that Paragraph 30 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 30 and therefore denies the same.

31.     Paragraph 31 does not require a response by D&C. To the extent that Paragraph 31 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 31 and therefore denies the same.

32.     Paragraph 32 does not require a response by D&C. To the extent that Paragraph 32 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 32 and therefore denies the same.

33.     Paragraph 33 does not require a response by D&C. To the extent that Paragraph 33 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 33 and therefore denies the same.

34.     D&C denies the allegations of Paragraph 34.

35.     Paragraph 35 does not require a response by D&C. To the extent that Paragraph 35 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 35 and therefore denies the same.

36.     Paragraph 36 does not require a response by D&C.   To the extent that Paragraph 36 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 36 and therefore denies the same.

37.     Paragraph 37 does not require a response by D&C.   To the extent that Paragraph 37 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 37 and therefore denies the same.

38.     Paragraph 38 does not require a response by D&C.   To the extent that Paragraph 38 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 38 and therefore denies the same.

39.     Paragraph 39 does not require a response by D&C.   To the extent that Paragraph 39 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 39 and therefore denies the same.

40.     Paragraph 40 does not require a response by D&C.   To the extent that Paragraph 40 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 40 and therefore denies the same.

41.     Paragraph 41 does not require a response by D&C.   To the extent that Paragraph 41 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 41 and therefore denies the same.

42.     Paragraph 42 does not require a response by D&C.   To the extent that Paragraph 42 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 42 and therefore denies the same.

43.     Paragraph 43 does not require a response by D&C.   To the extent that Paragraph 43 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 43 and therefore denies the same.

44.     Paragraph 44 does not require a response by D&C.   To the extent that Paragraph 44 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 44 and therefore denies the same.

45.     Paragraph 45 does not require a response by D&C.   To the extent that Paragraph 45 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 45 and therefore denies the same.

46.     Paragraph 46 does not require a response by D&C.   To the extent that Paragraph 46 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 46 and therefore denies the same.

47.     Paragraph 47 does not require a response by D&C.   To the extent that Paragraph 47 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 47 and therefore denies the same.

48.     Paragraph 48 does not require a response by D&C.   To the extent that Paragraph 48 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 48 and therefore denies the same.

49.     Paragraph 49 does not require a response by D&C.   To the extent that Paragraph 49 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 49 and therefore denies the same.

50.     Paragraph 50 does not require a response by D&C.   To the extent that Paragraph 50 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 50 and therefore denies the same.

51.     Paragraph 51 does not require a response by D&C.   To the extent that Paragraph 51 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 51 and therefore denies the same.

52.     Paragraph 52 does not require a response by D&C.   To the extent that Paragraph 52 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 52 and therefore denies the same.

53.     Paragraph 53 does not require a response by D&C.   To the extent that Paragraph 53 is deemed to require a response, D&C lacks knowledge sufficient to confirm or deny the allegations of Paragraph 53 and therefore denies the same.

54.     D&C lacks knowledge sufficient to confirm or deny the allegations in Paragraph 54 and therefore denies the same.

55.     Paragraph 55 does not require a response by D&C.   To the extent that Paragraph 55 is deemed to require a response, D&C denies the allegations of Paragraph 55.

56.     D&C denies the allegations of Paragraph 56.

57.     D&C denies the allegations of Paragraph 57.

58.     D&C requests that the Court deny all relief to TQP, including that requested by TQP in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

D&C's Affirmative Defenses are listed below.  D&C reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

59.    D&C does not infringe and has not infringed any claim of the '730 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## SECOND DEFENSE

60.    The '730 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq*, including §§ 101, 102, 103, and 112.

## THIRD DEFENSE

61.    To the extent that TQP, and alleged predecessors in interest to the '730 Patent, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that D&C's actions allegedly infringe the '730 Patent, D&C is not liable to TQP for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '730 Patent.

## FOURTH DEFENSE

62.    To the extent that TQP asserts that D&C indirectly infringes, either by contributory infringement or inducement of infringement, D&C is not liable to TQP for the acts alleged to have been performed before D&C knew that its actions would cause indirect infringement.

## FIFTH DEFENSE

63.     TQP's attempted enforcement of the '730 Patent against D&C is barred by laches and estoppel.

## SIXTH DEFENSE

64.     TQP's attempted enforcement of the '730 Patent against D&C is barred by the doctrine of license.

## SEVENTH DEFENSE

65.     TQP's attempted enforcement of the '730 Patent against D&C is barred by the doctrine of release.

## EIGHTH DEFENSE

66.     TQP's attempted enforcement of the '730 Patent against D&C is barred by the doctrine of patent exhaustion.

## COUNTERCLAIM

### The Parties

67.     Counterclaim Plaintiff D&C is a California corporation, with its principal place of business in San Francisco, California.

68.     On information and belief based solely on Paragraph 1 of the Complaint as pled by TQP, TQP is a Texas limited liability company, with its principal place of business located in Marshall, Texas.

### Jurisdiction

69.     This counterclaim arises under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

70.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.  Venue is further proper in the Marshall Division.

## Count I

## Declaratory Relief Regarding Non-Infringement

71.     Based on TQP's filing of this action and D&C's First Defense, an actual controversy has arisen and now exists between the parties as to whether D&C infringes the '730 Patent.

72.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, D&C requests a declaration by the Court that it does not infringe any claim of the '730 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## Count II

## Declaratory Relief Regarding Invalidity

73.     Based on TQP's filing of this action and D&C's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '730 Patent.

74.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, D&C requests a declaration by the Court that the claims of the '730 Patent are invalid.

**Count III**

**Declaratory Relief Regarding Unenforceability**

75.    Based on TQP's filing of this action and D&C's Third, Fourth, and Fifth Defenses, an actual controversy has arisen and now exists between the parties as to the enforceability of the '730 Patent.

76.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, D&C requests a declaration by the Court that the claims of the '730 Patent are unenforceable.

**PRAYER**

D&C respectfully requests a judgment against TQP as follows:

A.    A declaration that the '730 Patent is unenforceable;

B.    A declaration that the asserted claims of the '730 Patent are invalid;

C.    A declaration that D&C does not infringe, under any theory, any valid claim of the '730 Patent that may be enforceable;

D.    A declaration that TQP take nothing by its Complaint;

E.    Judgment against TQP and in favor of D&C;

F.    Dismissal of the Complaint with prejudice;

G.    An award to D&C of its costs and attorneys' fees incurred in this action; and

H.    Further relief as the Court may deem just and proper.

**JURY DEMAND**

D&C hereby demands trial by jury on all issues.

Dated:  July 18, 2011

Respectfully submitted,

FISH & RICHARDSON P.C.


By:  */s/ Neil J. McNabnay*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Jane J. Du
    jjdu@fr.com
    Texas Bar No. 24076355
    1717 Main Street, Suite 5000
    Dallas, TX  75201
    (214) 747-5070 - Telephone
    (214) 747-2091 - Facsimile

**Counsel for Defendant**
**DODGE & COX**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 18, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jane J. Du*
Jane J. Du