**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | **2:11-CV-00249-TJW** |
| **v.** | § | |
| | § | |
| **ALLIANZ LIFE INSURANCE et al.,** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |

**DEFENDANT FEDERATED INVESTORS, INC.'S**
**ORIGINAL ANSWER AND COUNTERCLAIMS**

Defendant Federated Investors, Inc.   ("Federated") hereby files its Answer and Counterclaims to Plaintiff TQP Development, LLC's ("TQP") Complaint.   All allegations, averments, statements and/or assertions that are not expressly admitted herein are denied.

**ANSWER**

**PARTIES**

1.      Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the same.

2.      The allegations of Paragraph 2 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies the same.

3.      The allegations of Paragraph 3 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies the same.

4.      The allegations of Paragraph 4 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies the same.

5.      The allegations of Paragraph 5 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies the same.

6.      The allegations of Paragraph 6 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies the same.

7.      The allegations of Paragraph 7 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies the same.

8.      The allegations of Paragraph 8 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies the same.

9.      Admitted.

10.      The allegations of Paragraph 10 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies the same.

11.      The allegations of Paragraph 11 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies the same.

12.     The allegations of Paragraph 12 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies the same.

13.     The allegations of Paragraph 13 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies the same.

14.     The allegations of Paragraph 14 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies the same.

15.     The allegations of Paragraph 15 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies the same.

16.     The allegations of Paragraph 16 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies the same.

17.     The allegations of Paragraph 17 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies the same.

18.     The allegations of Paragraph 18 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies the same.

19.     The allegations of Paragraph 19 are not directed to Federated. Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies the same.

20.     The allegations of Paragraph 20 are not directed to Federated. Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies the same.

21.     The allegations of Paragraph 21 are not directed to Federated. Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies the same.

22.     The allegations of Paragraph 22 are not directed to Federated. Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies the same.

23.     The allegations of Paragraph 23 are not directed to Federated. Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies the same.

24.     The allegations of Paragraph 24 are not directed to Federated. Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies the same.

25.     The allegations of Paragraph 25 are not directed to Federated. Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies the same.

## JURISDICTION AND VENUE

26.     Federated admits the allegations in paragraph 26 of the Complaint.

27.     Federated admits that venue is proper within the judicial district for purposes of this lawsuit only.  Federated denies the remaining allegations of paragraph 27.

28.     Federated admits that it has submitted to the jurisdiction of this Court for purposes of this lawsuit only.  Federated denies the remaining allegations of paragraph 28.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,412,730

29.     Federated admits only that United States Patent 5,412,730 ("the '730 patent"), a true and correct copy of which is purportedly attached as Exhibit A to Plaintiff's Complaint, is a document that speaks for itself.  Federated admits that the '730 patent is entitled "Encrypted Data Transmission System Employing Means For Randomly Altering The Encryption Keys" and that the '730 patent shows May 2, 1995 as its issue date.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 29 and therefore denies the same.

30.     The allegations of Paragraph 30 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies the same.

31.     The allegations of Paragraph 31 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies the same.

32.     The allegations of Paragraph 32 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies the same.

33.     The allegations of Paragraph 33 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies the same.

34.     The allegations of Paragraph 34 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies the same.

35.     The allegations of Paragraph 35 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies the same.

36.     The allegations of Paragraph 36 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies the same.

37.     Federated denies the allegations of paragraph 37.

38.     The allegations of Paragraph 38 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies the same.

39.     The allegations of Paragraph 39 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies the same.

40.     The allegations of Paragraph 40 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies the same.

41.     The allegations of Paragraph 41 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies the same.

42.     The allegations of Paragraph 42 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies the same.

43.     The allegations of Paragraph 43 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies the same.

44.     The allegations of Paragraph 44 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies the same.

45.     The allegations of Paragraph 45 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies the same.

46.     The allegations of Paragraph 46 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies the same.

47.     The allegations of Paragraph 47 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies the same.

48.     The allegations of Paragraph 48 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 and therefore denies the same.

49.     The allegations of Paragraph 49 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 and therefore denies the same.

50.     The allegations of Paragraph 50 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 and therefore denies the same.

51.     The allegations of Paragraph 51 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 and therefore denies the same.

52.     The allegations of Paragraph 52 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 52 and therefore denies the same.

53.     The allegations of Paragraph 53 are not directed to Federated.  Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 and therefore denies the same.

54.     Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54 and therefore denies the same.

55.     Federated lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55 and therefore denies the same.

56.     Federated denies the allegations of paragraph 56 of the Complaint.

57.     Federated denies the allegations of paragraph 57 of the Complaint.

**PRAYER FOR RELIEF**

58.     Federated denies that TQP is entitled to any of the relief sought in its Prayer for Relief or the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

59.     Federated has not infringed, and is not infringing, any valid and enforceable claim of the '730 patent, either literally or under the doctrine of equivalents, nor has it induced or contributorily infringed any claim of that patent.

### SECOND AFFIRMATIVE DEFENSE

60.     To the extent TQP alleges that Federated indirectly infringes, either by contributory infringement or inducement of infringement, Federated is not liable because such alleged acts have been performed before Federated was aware that its actions would cause indirect infringement

### THIRD AFFIRMATIVE DEFENSE

61.     The '730 patent, and each claim thereof, is invalid for failure to satisfy one or more requirements of 35 U.S.C. § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

62.     Upon information and belief, Federated alleges that TQP is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE

63.     Upon information and belief, Federated that TQP is barred or limited from recovery in whole or in part by the doctrines of laches, estoppel, waiver, and/or patent misuse

for, among other things, seeking to enforce a patent that it knows to be void, unenforceable, invalid, or not infringed.

## SIXTH AFFIRMATIVE DEFENSE

64.     Plaintiff's claims for injunctive relief are barred because Plaintiff cannot meet the requirements for injunctive relief.

## SEVENTH AFFIRMATIVE DEFENSE

65.     TQP is, in whole or in part, barred from asserting the '730 patent, from collecting damages thereunder, and/or for obtaining any other form of relief because of license and/or implied license.

## EIGHTH AFFIRMATIVE DEFENSE

66.     TQP is barred, in whole or in part, from asserting the '730 patent, from collecting damages thereunder, and/or for obtaining any other form of relief because of exhaustion.

## NINTH AFFIRMATIVE DEFENSE

67.     TQP's claims for relief are barred, at least in part, by 35 U.S.C. § 286.

## ORIGINAL COUNTERCLAIMS

## PARTIES

68.     Federated is a Pennsylvania corporation, with its principal place of business at Federated Investors Tower, 1001 Liberty Ave., Pittsburgh, PA 15222.

69.     Upon information and belief, and as alleged in its Complaint, TQP is a Texas limited liability company with a place of business at 207C North Washington Street, Marshall, Texas 75670.  TQP has previously appeared before this Court for all purposes.

**JURISDICTION AND VENUE**

70.     TQP has filed a Complaint in this Court against Federated and others for patent infringement.

71.     TQP alleges in its Complaint that it is the lawful, assignee and has standing to sue for infringement of United States Patent No. 5,412,730 entitled "Encrypted Data Transmission System Employing Means For Randomly Altering The Encryption Keys."

72.     TQP alleges in its Complaint that Federated has infringed and continues to infringe the '730 patent.  Federated denies TQP's allegations.

73.     This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1338(a), the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as this action is based upon an actual controversy between TQP and Federated regarding the invalidity and/or non-infringement by Federated of the claims of the '730 patent.

74.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '730 PATENT**

75.     To the extent not inconsistent, Federated incorporates by reference the foregoing allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

76.     To the extent that TQP's allegations can be understood, neither Federated nor any other person performs or directs and controls the performance of each and every step of the claimed process of the '730 patent.

77.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Federated requests a declaration by the Court that it does not infringe any claim of the '730 patent.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '730 PATENT

78.     To the extent not inconsistent, Federated incorporates by reference the foregoing allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

79.     The claims of the '730 patent are invalid under 35 U.S.C. § 100 *et seq.*

80.     By way of example only, the '730 patent is currently under Ex Parte Reexamination in the United States Patent and Trademark Office.  A Request for Ex Parte Reexamination was filed on December 27, 2010 and subsequently granted on January 26, 2011. The Order Granting Request for Ex Parte Reexamination is attached hereto as Exhibit A.

81.     In a March 30, 2011 Office Action in the Ex Parte Reexamination, all of the claims of the '730 patent were rejected under 35 U.S.C. § 102(b) as being anticipated by International Patent Application No.  PCT/US1986/01364 to Douglas Maisel, et al. ("the Maisel application").  The Office Action in Ex Parte Reexamination is attached hereto as Exhibit B. The Maisel application is attached hereto as Exhibit C.

82.     The Maisel application is prior art at least under 35 U.S.C. § 102(b) to the '730 patent claims.

83.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Federated requests a declaration by the Court that the claims of the '730 patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. § 100 et seq., and the rules and laws pertaining to those provisions.

## PRAYER FOR RELIEF

WHEREFORE, Federated prays that the Court enter judgment:

a.      Dismissing Plaintiff's Complaint with prejudice and denying all relief requested therein;

b.      In favor of Federated and against Plaintiff on all of Federated's Counterclaims;

c.      Declaring that Federated has not infringed and does not infringe, either directly, contributorily, or through inducement, or by equivalents, the '730 patent;

d.      Declaring that the '730 patent is invalid, void and without force and effect;

e.      Denying Plaintiff's demand for preliminary injunctive relief;

f.      Denying Plaintiff's demand for damages and interest;

g.      Denying Plaintiff's demand for a permanent injunction;

h.      Declaring that Federated be awarded all costs and attorneys' fees incurred in defending this lawsuit;

i.      Declaring that the case is exceptional within the meaning of 35 U.S.C. § 285; and

j.      Granting such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Federated requests a jury trial for all issues so triable.

Dated: July 18, 2011

Respectfully Submitted,


By: /s/ Clyde M. Siebman
      Clyde M. Siebman
      State Bar No. 18341600
      E-Mail:  siebman@siebman.com
      Larry A. Phillips
      State Bar No. 15937755
      E-Mail:  larryphillips@siebman.com
      SIEBMAN, REYNOLDS, BURG,
      PHILLIPS & SMITH, LLP
      Federal Courthouse Square
      300 N. Travis
      Sherman, TX 75090
      Telephone: (903) 870-0070
      Facsimile: (903) 870-0066

      OF COUNSEL :

      Kirsten R. Rydstrom
      Pennsylvania State Bar No. 76549
      E-Mail :  krydstrom@reedsmith.com
      Clay P. Hughes
      Pennsylvania State Bar No. 200033
      E-Mail :  chughes@reedsmith.com
      Reed Smith Centre
      225 Fifth Avenue
      Pittsburgh, PA 15222-2716
      Telephone: (412) 288-3131
      Facsimile: (412) 288-3063

      *Counsel for Defendant Federated
      Investors, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

/s/  Clyde M. Siebman
Clyde M. Siebman