IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQP DEVELOPMENT, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>ALLIANZ LIFE INSURANCE COMPANY<br>OF NORTH AMERICA, *et al.*,<br><br>            Defendants. | C.A. No. 2:11-cv-249-TJW<br><br>JURY TRIAL DEMANDED |

## **STATE STREET CORPORATION'S MOTION TO SEVER AND TRANSFER**

Defendant State Street Corporation ("State Street") hereby moves for an order severing the claim by TQP Development, LLC ("TQP") against State Street from claims against other defendants pursuant to Federal Rule of Civil Procedure 20–21, and transferring the action against State Street Bank to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). In support of this motion, State Street submits the Declaration of Bruce M. Denneen ("Denneen Decl."), and the following Memorandum in support thereof:

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................... 1

II. FACTUAL BACKGROUND .................................................................................................... 1

III. ARGUMENT ............................................................................................................................ 2

    A. Plaintiff's Claim Against State Street Should Be Transferred To Massachusetts Where The Vast Majority Of Relevant Evidence And Witnesses Are Located Or Accessible. ............................................................ 2

        1. TQP's claim against State Street could have been brought in Massachusetts. .................................................................................... 4

        2. The private interest factors clearly favor transfer to Massachusetts. ............................................................................................ 5

            a. All of State Street's known potential witnesses reside in the District of Massachusetts, but no known witnesses reside in or within 100 miles of this District. ......................................................................... 5

            b. TQP has no known witnesses with material information in this District, and a key third-party witness, the inventor on the '730 patent, has an address residing within the subpoena power of the District of Massachusetts. ........................................................ 7

            c. Access to the relevant evidence is far greater in the District of Massachusetts. ................................................. 7

            d. Other practical factors do not disfavor transfer on convenience grounds .............................................................. 8

        3. The public interest factors weigh in favor of transfer. ............................. 9

            a. The District of Massachusetts has a strong local interest. ............................................................................... 9

            b. Convenience and the local interest of the District of Massachusetts outweighs this Court's familiarity with some of the claim construction issues from related cases. ................................................................ 10

    B. This Court Should Sever This Action Because It Does Not Arise From The Same Transaction Or Occurrence As Plaintiffs' Claims Against Other Defendants. ...................................................................... 12

IV. CONCLUSION ...................................................................................................................... 13

## TABLE OF AUTHORITIES

**CASES**

*In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009) .................................................................. 3, 5, 7

*In re Hoffman-La Roche, Inc.,* 587 F.3d 1333 (Fed. Cir. 2009) ...................................................... 7

*In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011) .................................................................. 6

*In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009) .............................................................. 4

*In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) ............................................................ 3

*In re Verizon Bus. Network Servs.*, 635 F.3d 559 (Fed. Cir. 2011) .............................................. 10

*In re Volkswagen of Am. Inc.* (*Volkswagen II*), 506 F.3d 376 (5th Cir. 2007), *aff'd*,
   545 F.3d 304 (5th Cir. 2008) (*en banc*) ..................................................................................... 8

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) ................................................. passim

*In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) ................................................. 6, 11

*Morgan Stanley*, Nos. M–962, 964, & 967, 2011 U.S. App. LEXIS 7172 (Fed.
   Cir. Apr. 6, 2011) ................................................................................................................ 6, 10

*Novartis Vaccines & Diagnostics, Inc. v. Hoffman La Roche, Inc.*, 597 F. Supp.
   2d 706 (E.D. Tex. 2009) ........................................................................................................ 4, 8

*Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith*, 564
   F. Supp. 1358 (D. Del. 1983) ................................................................................................... 12

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) .......................................................................... 5

*Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F. Supp. 970 (N.D. Ill. 1973) ...................... 12

*Zoltar Satellite Sys. v. LG Elecs. Mobile Comms. Co.*, 402 F. Supp. 2d 731 (E.D.
   Tex. 2005) ................................................................................................................................ 11

**STATUTES**

28 U.S.C. § 1391 ............................................................................................................................. 5

28 U.S.C. § 1400 ............................................................................................................................. 5

28 U.S.C. § 1404 ............................................................................................................... 1, 3, 4, 5

**RULES**

Fed. R. Civ. P. 20 .......................................................................................................................... 12

Fed. R. Civ. P. 21 .......................................................................................................................... 12

I.  **INTRODUCTION**

State Street respectfully requests that this Court sever this action against State Street from the actions against the other defendants, and transfer the action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). Massachusetts is a more convenient and just forum for this controversy because State Street resides there and is incorporated there, the inventor appears to resides near Massachusetts and is subject to compulsory process, and Massachusetts is where the vast majority of the evidence may be found. Massachusetts has a far greater interest in this litigation, and the Eastern District of Texas has almost no connection to the subject matter of this case against State Street except for the Court's prior litigation involving the patent at issue.  State Street submits these factors favor severance and transfer and outweigh the Court's prior litigation experience on this patent involving different parties and different products.

II.  **FACTUAL BACKGROUND**

This action concerns an allegation by TQP that State Street and 23 other defendants have each infringed its U.S. Patent No. 5,412,730 ("'730 patent") by using internet encryption technology. (Denneen Decl. ¶ 3.)  This is one of several litigations against many other defendants based on the same patent. State Street maintains its own secure internet servers, apart from all the other defendants, in Quincy, Massachusetts. (Denneen Decl. ¶ 12.) To the extent that the '730 patent claims relate to internet encryption by State Street, all such activity occurs in the District of Massachusetts.

State Street is incorporated in Massachusetts (Denneen Decl. ¶ 4), and has its headquarters there (Denneen Decl. ¶ 5). About 13,000 of its approximately 18,000 U.S. employees are located in the District of Massachusetts (Denneen Decl. ¶ 6), including the four potential witnesses State Street has identified who are most likely to have information relating to the issue of non-infringement and alleged damages. (Denneen Decl. ¶ 8–9.) Beyond these four

1

potential witnesses, every other State Street employee with involvement in installing, running, programming, operating, and maintaining any servers that even allegedly practice a part of the claimed process are located in Massachusetts. (Denneen Decl. ¶ 7.) Michael F. Jones, the listed inventor on the '730 patent and a potential key witness, is listed as residing in Nashua, New Hampshire, which is within 100 miles of the District of Massachusetts. (Denneen Decl. ¶ 15.) Mr. Jones the inventor may be a key factual witness on issue relating to the patent's validity as well as other issues.

All relevant documents of which State Street is aware are stored in the District of Massachusetts. (Denneen Decl. ¶ 11.) These include technical documents relating to the operation of State Street's encrypted servers, as well as the financial, marketing, and sales documents relating to State Street's secure web servers. (Denneen Decl. ¶ 11.) On the other hand, State Street is aware of no relevant documents stored in Texas. (Denneen Decl. ¶ 14.)

State Street does not practice internet encryption in Texas, because it maintains no secure web servers in Texas or in this District. (Denneen Decl. ¶ 12.) There is not a single State Street employee or agent in the state of Texas who has involvement in the installation, running, programming, operation, or maintenance of State Street's secure web servers. (Denneen Decl. ¶ 13.)

### III. ARGUMENT

**A. Plaintiff's Claim Against State Street Should Be Transferred To Massachusetts Where The Vast Majority Of Relevant Evidence And Witnesses Are Located Or Accessible.**

Most large companies making and selling the products and services that drive our economy have minimum contacts with multiple states. If taken literally, venue statutes may be argued to support venue anywhere a company has just enough minimum contacts to warrant the exercise of personal jurisdiction. This effectively leads to the potential for nationwide venue for

2

any company, like State Street, whose internet site is accessible nationwide. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (*en banc*) ("hereafter *Volkswagen III*") (noting that large corporations usually have contacts sufficient to satisfy venue "for most, if not all, federal venues").

However, Congress "has tempered the effects" of the broad general venue statute "by enacting the venue transfer statute, 28 U.S.C. § 1404(a)," which gives courts the discretion, and in some cases the duty, to transfer an action to a more convenient forum. *See id.*; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (holding that "[u]nder Fifth Circuit law, a motion to transfer venue *should* be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff.") (emphasis added.) Venue transfer serves to limit what otherwise would be a plaintiff's unbridled ability to select a forum solely because it perceives that venue to be favorable to it, regardless of whether the venue has any meaningful connection to the dispute. *See Volkswagen III*, 545 F.3d at 314.

Under 28 U.S.C. § 1404(a), a court may transfer an action to any district where it "might have been brought," where it is convenient for the parties and witnesses, and in the interests of justice. The Fifth Circuit has adopted "the private and public interest factors" test used by many courts to decide transfer requests. *Volkswagen III,* 545 F.3d at 315. Where those factors show that another venue is "clearly more convenient," cases in this District not only may, but also *should* be transferred. *See id.*; *TS Tech*, 551 F.3d at 1319. Convenience and costs to parties and third parties, availability of compulsory process, and ease of access to proof are important private factors. *See In re Genentech*, 566 F.3d 1338, 1342-45 (Fed. Cir. 2009). When a substantial number of party and third-party witnesses live in or near the transferee forum, while few live in the plaintiff's chosen forum, transfer should be ordered. *See id.; In re Nintendo Co., Ltd.*, 589

3

F.3d 1194, 1198 (Fed. Cir. 2009) ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.").

Deciding a motion to transfer is a two-step process. First, the district court must determine that the plaintiff's claims might have been brought in the suggested transferee district. *See Volkswagen III*, 545 F.3d at 312-13. Second, the court must consider and balance the convenience of the parties in both venues. *See id*. at 314-16. This balancing involves an examination of private and public interest factors, none of which has dispositive weight. *See id*. at 315. The private factors are (1) the availability of sources of proof, (2) the court's ability to secure witnesses' attendance, (3) the expense associated with witnesses' attendance, and (4) all other factors relevant in conducting an expeditious and inexpensive trial, such as the possibility of delay and prejudice if transfer is granted. *See id*.; *Novartis Vaccines & Diagnostics, Inc. v. Hoffman La Roche, Inc.*, 597 F. Supp. 2d 706, 714 (E.D. Tex. 2009). The public convenience factors are (1) administrative issues and the congestion of the courts' dockets, (2) the local interest in deciding the dispute, (3) the courts' familiarity with the controlling law, and (4) the potential conflicts of law issues that may arise. *Volkswagen III*, 545 F.3d at 315. In assessing these factors, courts consider the degree to which each factor weighs in favor of transfer. If it is clear that the other forum is more convenient, then transfer is required.

### 1. TQP's claim against State Street could have been brought in Massachusetts.

This action "might have been brought" against State Street in the District of Massachusetts because personal jurisdiction and venue are both proper there. *See* 28 U.S.C. § 1404(a); *Volkswagen III*, 545 F.3d at 313-14. Under the federal venue statute, 28 U.S.C. §

4

1391(c), a corporation resides in any district where it is subject to personal jurisdiction "at the time the action is commenced," § 1391(c). Under the patent venue statute, "[a]ny civil action for infringement may be brought in the judicial district where the defendant resides . . . ." 28 U.S.C. § 1400. State Street resides in the District of Massachusetts. (Denneen Decl. ¶¶ 4–5.) Thus, TQP could have brought this action against State Street in Massachusetts.

### 2. The private interest factors clearly favor transfer to Massachusetts.

The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981). These factors clearly favor transfer to Massachusetts.

#### a. All of State Street's known potential witnesses reside in the District of Massachusetts, but no known witnesses reside in or within 100 miles of this District.

The convenience of witnesses is usually the single most important factor in considering whether to transfer an action under Section 1404(a). *See Genentech*, 566 F.3d at 1343. In this case, the convenience of State Street's party witnesses weighs heavily in favor of transfer to Massachusetts.

All known potential witnesses associated with State Street are located in the District of Massachusetts, which is roughly 1,500 miles from this District. This includes Messrs. Costa, Malley, Ricketson, and Sullivan cited in Mr. Denneens' Declaration at 8–9. In addition to these four, every other State Street employee with involvement in installing, running, programming, operating, and maintaining the servers that allegedly practice the accused patented process are located in Massachusetts. (Denneen Decl. ¶ 7.) Thus, there are likely to be other witnesses identified during the course of litigation which will be located in Massachusetts. To transport

5

these witnesses to Texas to litigate this matter would be disruptive to their schedules and interfere with their regular business tasks, a burden that would be minimized if this matter were located in Massachusetts. (Denneen Decl. ¶ 10.) *See Volkswagen III*, 545 F.3d at 317 ("[I]t is an obvious conclusion that it is more convenient for witnesses to testify at home and that [a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.")

By contrast, State Street is unaware of any witness with material knowledge about this case located in this District. In fact, this District has no connection to this dispute beyond the the facts that (i) the accused website may be accessed here (as it may be from every other judicial district in the United States) and (ii) the plaintiff formed itself as a Texas limited liability company months before suing in related actions in an apparent attempt to ensure a connection to this District. A plaintiff's nominal presence in this forum, designed solely for the purpose of litigating here, weighs very little in transfer motions. *See, e.g.*, *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (requiring transfer, where the defendant witnesses were in the transferee forum, the plaintiff only had a token "office" in the District, and the case's relationship with a prior litigation involved different defendants and products); *see also In re Microsoft Corp.*, 630 F.3d 1361, 1363–65 (Fed. Cir. 2011) (requiring transfer when a "substantial portion" of defendant's witnesses were located in the transferee forum, as were the documents and evidence, and the plaintiff had a minimal connection to this forum); *In re Morgan Stanley*, Nos. M–962, 964, & 967, 2011 U.S. App. LEXIS 7172, *3–*5 (Fed. Cir. Apr. 6, 2011) (requiring transfer when the witnesses were located near the transferee court, and none of the witnesses were within 100 miles of this Court).

      b.      **TQP has no known witnesses with material information in this District, and a key third-party witness, the inventor on the '730 patent, has an address residing within the subpoena power of the District of Massachusetts.**

In contrast to State Street's witnesses in Massachusetts, TQP has no known witnesses in this District. In addition, the key third-party witness likely to have evidence relating to TQP's patent is the inventor Michael F. Jones, listed on the '730 patent as being from Nashua, New Hampshire, which is within 100 miles from the District of Massachusetts. (Denneen Decl. ¶ 15.) If an inventor resides within 100 miles from the court, he is subject to the court's subpoena power and can be required to attend trial. *See* Fed. R. Civ. P. 45(c)(3).

The availability of a third party witness to the District of Massachusetts' absolute subpoena power weighs strongly in favor of transferring the action to Massachusetts. *See In re Hoffman-La Roche, Inc.,* 587 F.3d 1333, 1337–38 (Fed. Cir. 2009) (holding that district court should have weighed heavily another venue's absolute subpoena power over non-party witness to favor transfer); *Genentech*, 566 F.3d at 1345 (ordering transfer where "[t]he fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly.").

      c.      **Access to the relevant evidence is far greater in the District of Massachusetts.**

Not only are State Street and all its known witnesses located in the District of Massachusetts, all of its known evidence, and undoubtedly the vast majority of all relevant factual evidence, is located there. Despite the modern ability to transport evidence across the country more easily than in times past,[1] the location of evidence in the transferee court weighs in

---

[1] Although documents relevant to plaintiff's claim may be stored electronically, the fact that "access to some sources of proof presents a lesser inconvenience now than it might have

*(Footnote continued on next page)*

7

favor of transfer. *See Genentech*, 566 F.3d at 1345; *see also In re Volkswagen of Am. Inc.* (*Volkswagen II*), 506 F.3d 376, 384–85 (5th Cir. 2007), *aff'd*, 545 F.3d 304 (5th Cir. 2008) (*en banc*). Moreover, it is the location of *defendant*'s evidence that receives primary consideration in patent cases, because most of the discovery comes from defendants. *See Genentech* at 1338.

Here, all of State Street's known relevant evidence is likely to be located in the Boston, Massachusetts metropolitan area. For example, all of State Street's technical, financial, marketing, and sales documents relating to any State Street accused system are located Massachusetts. (Denneen Decl. ¶ 11.) By contrast, none of State Street's known evidence is located in this District, or in Texas. (Denneen Decl. ¶ 14.)

### d. Other practical factors do not disfavor transfer on convenience grounds.

The final private interest considerations are the practical factors relating to ease, expense and expediency of trial. No such factors weight against transfer. This litigation is in its very early stages, before either party has invested significant resources in this District. There has been no discovery, no protective order, no depositions taken, no experts identified, no claim construction issues identified or *Markman* briefings filed.

State Street is unaware of any reason the District of Massachusetts could not conduct as expeditious and inexpensive a trial as this District. Moreover, any alleged delay and prejudice associated with transfer is relevant only "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *Novartis Vaccines & Diagnostics*, 597 F. Supp. 2d at 714. Here, however, there is no possibility of delay or prejudice in granting transfer because discovery has not yet begun and there is no reason to believe that the

---

*(Footnote continued from previous page)*
absent recent developments does not render this factor superfluous." *Volkswagen III*, 545 F.3d at 316.

8

District of Massachusetts would delay disposition of this case. There are no such practical considerations that would weigh against transfer.

### 3. The public interest factors weigh in favor of transfer.

The courts of the Fifth Circuit also weigh the appropriateness of the forum by considering a number of public interest factors. *See Volkswagen III*, 545 F.3d at 315. These factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* On balance, State Street submits the local interests of the state of Massachusetts outweigh this Court's familiarity with claim construction issues or other public interest factors.

#### a. The District of Massachusetts has a strong local interest.

The District of Massachusetts has a far stronger interest in this suit than the Eastern District of Texas. TQP's allegations have implicated a company incorporated and headquartered in Massachusetts. The company has no particular connection to the state of Texas other than (1) about 10 employees and independent contractors having nothing to do with the subject matter of this action (Denneen Decl. ¶ 6), and (2) a customer's ability to access the State Street's website from Texas, which makes Texas merely like anywhere else in the world with internet access.

Given the connection that State Street and its employees have to the Commonwealth of Massachusetts, a jury member from the District of Massachusetts would likely see the issues of this case as having local import. *See Volkswagen III.*, 545 F.3d at 318 (holding that this factor favors transfer to a venue where residents "have extensive connections with the events that give rise to the suit."). By contrast, to a juror from this District, this action would seem to have

9

abstract consequences in a far away state. The interests of justice are served by trying this action in a place with local interest.

### b. Convenience and the local interest of the District of Massachusetts outweighs this Court's familiarity with some of the claim construction issues from related cases.

The Court's familiarity with some of the issues in the litigation is a factor that generally weighs against transfer. However, in this case the benefit of this Court having gone through a Markman hearing in *TQP Development, LLC v. Merrill Lynch & Co.*, Case No. 2:08-cv-00471-TJW-CA ("Merrill Lynch litigation") should not outweigh the strong local interest of the Commonwealth of Massachusetts, and the even stronger weight of convenience favoring the District of Massachusetts.

In the face of compelling convenience factors and other factors favoring transfer, the Court should not deny transfer merely because of its familiarity with the issues. *See In re Verizon Bus. Network Servs.*, 635 F.3d 559, 561–62 (Fed. Cir. 2011) (granting writ of mandamus requiring transfer based on convenience factors, even though this Court had previously construed 25 claim terms from the same patent at issue); *Morgan Stanley*, 2011 U.S. App. LEXIS 7172, at *5–*7 (granting writ of mandamus requiring transfer despite this Court's familiarity with some of the patents at issue).

Regardless of whether or not there is a transfer, the parties will have to go through a round of *Markman* briefing and hearing. Although having been exposed to the issues would be a slight benefit if related arguments are presented to the same Judge, other tribunals such as the District of Massachusetts can benefit from the work done by this Court in the Merrill Lynch litigation. Moreover, none of the pending cases relating to the '730 patent have proceeded to trial, and the predominant trial issues are related to the specifics of defendants' accused infringing products. Evidence of non-infringement will differ depending on the defendant.

Therefore, a different court which hears the evidence relating to non-infringement will be in the same position as this Court.

As in *Zimmer*, this case involves different accused infringing activities, and is likely to "result in significantly different discovery, evidence, proceedings, and trial." 609 F.3d at 1382. Technical issues relating to non-infringement, and economic damages issues, will be different in this action from prior actions. They will also be different in relation to State Street than in relation to the 23 other defendants in this action. Evidence of infringement or non-infringement by any of the other 23 defendants will not be attributable to State Street, and vice versa. Given that State Street has not been accused of co-liability for infringement with any of the other defendants, TQP and State Street will have to present the same amount of proof, and conduct the same amount of non-infringement-related discovery and motion practice, regardless of whether the case is in Texas or Massachusetts.

As to familiarity with governing law, both this District and the District of Massachusetts are equally equipped to decide this case because patent infringement claims are governed by federal law. *See TS Tech USA*, 551 F.3d at 1320. Finally, there are no conflict of law issues because federal patent law is statutory and all substantive district court decisions are reviewed by the Federal Circuit. *Zoltar Satellite Sys. v. LG Elecs. Mobile Comms. Co.*, 402 F. Supp. 2d 731, 738 (E.D. Tex. 2005).

Because of the compelling convenience factors and the strong local interest in Massachusetts, which far outweighs the benefit of this Court's prior claim construction, the factors as a whole clearly favor transfer to the District of Massachusetts.

### B. This Court Should Sever This Action Because It Does Not Arise From The Same Transaction Or Occurrence As Plaintiffs' Claims Against Other Defendants.

A plaintiff cannot join multiple defendants in one action unless a claim has been asserted against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). If there has been a misjoinder, this Court is empowered to sever the claim and require it to be heard independently. *See* Fed. R. Civ. P. 21.

To satisfy Rule 20, a plaintiff seeking to join multiple defendants in a patent infringement suit must allege that the defendants have some common involvement in (or joint liability for) particular acts of infringement. *See Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith*, 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *see also Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F. Supp. 970, 974 (N.D. Ill. 1973) (holding that patent infringement claims must be severed if defendants are "charged only with several and individual infringements"). In other words, when a plaintiff accuses multiple defendants of discrete acts of infringement, the "same transaction or occurrence" standard is not met, even if the acts are somehow "similar."

In this case, TQP has not alleged that State Street is jointly, severally, or alternatively liable with any of the other 23 defendants for taking part in the same series of transactions or occurrences. Rather, the only "connection" between TQP's claim against State Street, on the one hand, and TQP's claims against any of the other 23 defendants, on the other hand, is the fact that all defendants have been accused of individually infringing the same patent. If alleged infringement by State Street is an alleged "series of occurrences," that series is not the same series for which the other defendants are allegedly liable. Because TQP does not allege that State

Street shares joint, several, or alternative liability for a single series of occurrences, TQP's claims against State Street should be severed from those of the other defendants.

**IV.     CONCLUSION**

For the foregoing reasons, State Street prays that this Court sever TQP's claim against State Street and transfer the action to the District of Massachusetts.


DATED: July 22, 2011                              Respectfully submitted,


                                                  By:  */s/ Ronald F. Lopez*
                                                     Ronald F. Lopez

                                                  Ronald F. Lopez (SBN 111756)
                                                  rflopez@nixonpeabody.com
                                                  NIXON PEABODY LLP
                                                  One Embarcadero Center, 18th Floor
                                                  San Francisco, California 94111-3600
                                                  Telephone: (415) 984-8200
                                                  Fax: (415) 984-8300

                                                  Robert E. Krebs (California SBN 057526)
                                                  *Pro Hac Vice to be filed*
                                                  rekrebs@nixonpeabody.com
                                                  Christopher L. Ogden (California SBN 235517)
                                                  *Pro Hac Vice to be filed*
                                                  cogden@nixonpeabody.com
                                                  NIXON PEABODY LLP
                                                  2 Palo Alto Square
                                                  3000 El Camino Real, Suite 500
                                                  Palo Alto, California 94306
                                                  Telephone: (650) 320-7700
                                                  Fax: (650) 320-7701

                                                  Attorneys for Defendant
                                                  STATE STREET CORPORATION

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document was filed electronically on July 22, 2011 in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                                  */s/ Ronald F. Lopez*

## CERTIFICATE OF CONFERENCE

      I hereby certify that I, Christopher L. Ogden, acting on behalf of all State Street Corporation, met and conferred with counsel for Plaintiffs, Hao Ni, on July 18-19, 2011 via telephone and email, regarding the alternative Motion to Transfer to Southern District of California. Mr. Ni stated that TQP, Inc. opposes the motion to transfer by State Street Corporation.

                                                  *Christopher L. Ogden*